[925 NYS2d 354]

In the Matter of GANIU OWOLABI AJOSE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 14, 2011

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn, for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order of this Court dated May 3, 2010 (2010 NY Slip Op 70138[U] [2010]), the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i), (ii) and (iii), based on his failure to cooperate with the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee), substantial admissions that he committed acts of professional misconduct, and other uncontroverted evidence of misconduct. The Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based on a petition dated January 26, 2010. The respondent was directed to serve an answer to the petition within 20 days after service upon him of a copy of the decision and order on the motion, and the issues raised were referred to the Honorable James Starkey, as Special Referee, to hear and report. By decision and order dated October 20, 2010, this Court authorized service by publication of the Grievance Committee's "Notice of Motion to Adjudicate Respondent in Default" and any and all other papers related to the proceeding.

The Grievance Committee now moves to impose discipline against the respondent upon his default in that he failed to timely submit an answer to the petition within the time frame set forth in the Court's decision and order dated May 3, 2010.

The petition contains 19 charges of professional misconduct, including failing to cooperate or timely cooperate with respect

to multiple complaints of professional misconduct filed against him; failing to satisfy a judgment entered against him incident to his practice of law; neglecting legal matters entrusted to him; failing to refund an unearned fee after withdrawing from a legal matter; improperly withdrawing from a legal matter entrusted to him; engaging in a pattern and practice of improperly sharing legal fees with a nonlawyer; and engaging in a pattern and practice of improperly accepting compensation for legal services from someone other than his client absent consent of the client to the representation after full disclosure.

A copy of the decision and order of this Court dated May 3, 2010, suspending the respondent and directing him to submit an answer to the petition within 20 days after service of the order, was personally served on him on May 7, 2010.

The respondent failed to serve and file an answer within the time frame set forth in the order dated May 3, 2010, or move for additional time in which to submit an answer.

Thereafter, it was established to the satisfaction of the Presiding Justice of this Court that additional papers could not be served upon the respondent, with due diligence, by personal delivery or by affixing a copy of documents to the door of his last known place of business and/or his last known personal residence, and by mailing, by both regular and certified mail, return receipt requested, to his last known place of business and/or his last known personal residence. Accordingly, in an order dated October 20, 2010, the Presiding Justice authorized service by publication of the Grievance Committee's "Notice of Motion to Adjudicate Respondent in Default" and any and all other papers related to the proceeding.

The Grievance Committee has provided proof that the respondent was served by publication, with a copy of the notice of motion. The "Notice of Motion to Adjudicate Respondent in Default" was published in the New York Law Journal for three consecutive weeks, commencing January 24, 2011. The respondent has not submitted a response to the motion or requested additional time in which to submit a response.

Accordingly, the Grievance Committee's motion is granted, the charges in the petition are deemed established, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and COVELLO, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Ganiu Owolabi Ajose, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Ganiu Owolabi Ajose, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Ganiu Owolabi Ajose, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Ganiu Owolabi Ajose, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).